UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RENEE F. WILLIAMSON,

        Petitioner,

vs.

RANDY L. TEWS, Warden,

        Respondent.

                                     /

No. C 11-0086 PJH (PR)

**ORDER OF TRANSFER**

Petitioner, a federal prisoner currently housed at Camp Parks in Dublin, has filed a pro se petition for a writ of habeas corpus on a form for petitions pursuant to 28 U.S.C. § 2241. She has paid the filing fee.

Petitioner pleaded guilty in Arizona Superior Court for Maricopa County to charges of possession or use of dangerous drugs, possession of drug paraphernalia, and theft. In September of 2008, she was sentenced to two years of probation. She did not report. On April 30, 2009, she was sentenced by federal court in Texas to a prison term of 240 months with five years of supervised release. In August of 2009, the probation office in Arizona filed a petition to revoke her probation for failure to report; a warrant and a detainer were issued.

Petitioner says that she filed a Motion to Terminate Probation and Quash Warrants in the Arizona Court, which was misplaced, then another copy of the same motion, which was denied. She says that a week later the County Attorney filed a "Motion and Order to Dismiss Petition and Quash Warrant," stating that his office did not intend to extradite her. It was granted on September 17, 2010.

///

At this point the allegations in the petition become less clear. Petitioner says: "At first glance it appeared as though Ms. Williamson had prevailed on her Motion to Terminate Probation and Quash the Warrants. However, it appears that Ms. Williamson is still on probation and that the State of Arizona will eventually refile the revocation petition and will reissue the warrants. For no other reason than this, a hearing is necessary and Ms. Williamson respectfully requests that this Court order the Arizona Superior Court to expedite a hearing, or, in the alterative, terminate Ms. Williamson's probation." Pet. at 4-5.

On the first page of the petition, petitioner says she is challenging the September, 2008, conviction in the Arizona state court. Her sole ground for relief, however, is a claim of "Fifth and Fourteenth Amendment Due Process Violation; Revocation of Probation without a Hearing; Sixth Amendment Speedy Trial Violation." This claim appears to be directed to a revocation that never happened, since she says in her memorandum that the County Attorney dismissed the petition to revoke. However, her contention that this court should order the Arizona court to hold a hearing on whether probation should be revoked, or order it to terminate the probation, quoted in the paragraph above, clarifies that she is in fact attacking the probation itself. The petition therefore will be construed as brought under 28 U.S.C. § 2254, a challenge to her state court sentence.

Venue for a habeas action is proper in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d); however, petitions challenging a conviction are preferably heard in the district of conviction. Habeas L.R. 2254-3(a); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Because petitioner was convicted in Maricopa County, Arizona, this case is **TRANSFERRED** to the United States District Court for the District of Arizona in Phoenix. *See* 28 U.S.C. § 1404(a); Habeas L.R. 2254-3(b).

**IT IS SO ORDERED.**

Dated: November 10, 2011.

　　　　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　　　　United States District Judge

P:\PRO-SE\PJH\HC.11\WILLIAMSON0086.TRN.wpd

2